## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **SHARON HUNT,** | § | |
| | § | |
| Plaintiff**,** | § | **Civil Action No.** |
| | § | |
| **v.** | § | |
| | § | **Jury Trial Demanded** |
| **DATA SEARCH, INC.,** | § | |
| | § | |
| Defendant**.** | § | |
| | § | |

## COMPLAINT

SHARON   HUNT   ("Plaintiff"),   by   her   attorneys,   KIMMEL   &
SILVERMAN,   P.C.,   allege   the   following   against   DATA   SEARCH,   INC.
("Defendant"):

## INTRODUCTION

1.     Plaintiff's Complaint is based on the Fair Debt Collection Practices
Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Telephone Consumer Protection
Act, 47 U.S.C. § 227.

## JURISDICTION AND VENUE

2.     Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy;" 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States..

3.     Venue is proper pursuant to 28 U.S.C. § 1391 (b)(1) and (2).

## PARTIES

4.     Plaintiff is a natural person residing in Fort Worth, Texas 76104.

5.     Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

6.     In the alternative, Plaintiff is a "person" granted a cause of action under the FDCPA. See §1692 (k)(a) and Wenrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

7.     Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39)

8.     Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692 a(6), and sought to collect a debt from Plaintiff.

9.     Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

10.     At all relevant times, Defendant acted as a "debt collector" within the

meaning of 15 U.S.C. § 1692(a)(6), and attempted to collect a "debt" as defined by 15 U.S.C. § 1692(a)(5).

11.     The primary purpose of Defendant's business is debt collection.

12.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

13.     Plaintiff has a cellular telephone.

14.     Plaintiff has only used this phone as a cellular telephone.

15.     At all relevant times, Defendant attempted to collect a consumer debt and contacted Plaintiff in its attempts to collect that debt.

16.     Upon information and belief, Plaintiff never incurred any debt in connection with a business or commercial activities, and therefore the debt, if truly an obligation owed by her, could only have arisen from a financial obligation primarily for personal, family, or household purposes.

17.     Beginning in or around August 2016 and continuing thereafter, Defendant's collectors repeatedly and continuously placed calls to Plaintiff's cellular telephone number.

18.     Defendant has been calling Plaintiff regarding an unknown third

party named Shanice (phonetic).

19.     Plaintiff received collection calls from telephone numbers including, but not limited to (210) 293-5933. The undersigned has confirmed the number as belonging to Defendant.

20.     When contacting Plaintiff on her cellular telephone, Defendant used an automatic telephone dialing system and/or pre-recorded voice.

21.     Plaintiff knew Defendant was using an automatic telephone dialing system and/or pre-recorded voice as she received calls that began with a recording before she would speak with a live agent.

22.     Defendant's calls were not placed for emergency purposes.

23.     When the calls first began in August 2016, Plaintiff told Defendant they were calling a wrong phone number and requested the calls stop.

24.     Once Defendant was informed that its calls were unwanted and to stop calling, there was no lawful purpose to making further calls, nor was there any good faith reason to place calls.

25.     Further, any continued calls could only have been placed for the purpose of harassing Plaintiff.

26.     However, Defendant ignored Plaintiff's request and continued to call her through October 2016.

27.     After Plaintiff's request to stop the calls was ignored by Defendant,

she had no other option but to install a blocking application on her cellular telephone to block calls from their phone number.

## COUNT I
## DEFENDANT VIOLATED §§1692d and d(5) OF THE FDCPA

28.     Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

29.     Section 1692d(5) of the FDCPA prohibits debt collectors from causing the telephone to ring or engaging any person in telephone conversation repeatedly with intent to annoy, abuse or harass.

30.     Defendant violated §§1692d and d(5) when it called Plaintiff repeatedly, even though Plaintiff informed Defendant they were calling a wrong number and requested their calls stop.

## COUNT II
## DEFENDANT VIOLATED THE TCPA

31.     Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

32.     Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system.

33.   Defendant's calls to Plaintiff were not made for emergency purposes as Defendant was attempting to contact an unknown third party.

34.   Defendant's calls to Plaintiff, on and after August 2016, were not made with Plaintiff's prior express consent.

35.   Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

36.   The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

37.   As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, SHARON HUNT, respectfully prays for a judgment as follows:

a.   All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1) and 47 U.S.C. §227(b)(3)(A);

b.   Statutory damages of $1,000.00 for each Plaintiff for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

e.  All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3);

f.  All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

h.  Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

h.  Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

i.  Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

j.  Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, SHARON HUNT, demands a jury trial in this case.

DATED: August 18, 2017          KIMMEL & SILVERMAN, P.C.

By:   /s/Amy L. B. Ginsburg
          Amy L. B. Ginsburg
          Attorney for Plaintiff
          Kimmel & Silverman, P.C.
          30 E. Butler Pike
          Ambler, PA 19002
          Phone: (215) 540-8888
          Fax: (877) 788-2864
          Email: aginsburg@creditlaw.com